UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TERRY DONALD RUTLEDGE,

    Plaintiff,

        v.                         CAUSE NO. 3:24-CV-621-JTM-JEM

ESTES, et al.,

    Defendants.

OPINION and ORDER

Terry Donald Rutledge, a prisoner without a lawyer, was ordered to show cause why the initial partial filing fee has not been paid. (DE # 4.) In light of his response (DE # 5), the case will proceed to screening under 28 U.S.C. § 1915A. He is reminded that he remains obligated to pay the full filing fee over time in accordance with 28 U.S.C. § 1915(b)(2).

As required by 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Rutledge is proceeding without

counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## FACTS

Rutledge is an inmate in the Westville Control Unit who identifies as a transgender woman. He claims that in March 2024, Officer Estes (first name unknown) began harassing him about being transgender and calling him names like "psycho Barbie." On or about March 11, Rutledge "attacked" a non-party officer after the officer allegedly grabbed his buttocks. The following day, Officer Estes was passing out toilet paper in Rutledge's unit. He claims Officer Estes was unnecessarily rude to him and "flung" the toilet paper into his cell. He claims the officer was angry because of Rutledge's earlier attack on the other officer. Rutledge became "enraged" when Officer Estes threw the toilet paper roll and tried to throw water on him but missed. Officer Estes then allegedly called Rutledge a racial slur and sprayed mace into his cell, including in his "drinking sink" and into a ceiling vent. Rutledge was "choking and crying" and begged for medical assistance, to which Officer Estes allegedly responded, "Fuck him no medical no shower let him cook" and then left. Rutledge tried to wash his face but because of the mace in the sink, this only made the problem worse.

A short time later, Internal Affairs Investigator J. Snow came to Rutledge's cell to interview him about a complaint he previously made. Rutledge begged the investigator to get him medical attention, but the investigator allegedly stated, "After what you did to that officer yesterday you expect me to help you?" He then left. Rutledge saw

Sergeant Thomas (first name unknown) walking by and repeated his request for medical assistance. The sergeant allegedly ignored him.

Hours later, a non-party officer saw Rutledge's condition and radioed for medical assistance. Rutledge was seen by a nurse and then a doctor. He claims that it took days for the mace to leave his system, during which time he suffered pain, burning, vomiting, and other symptoms. Based on these events he sues Officer Estes, Sergeant Thomas, and Investigator Snow for money damages.

ANALYSIS

Under the Eighth Amendment, inmates cannot be subjected to excessive force. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.*

Giving Rutledge the inferences to which he is entitled at this stage, he has alleged a plausible excessive force claim against Officer Estes. This officer may have been justified in taking some action to restore order after Rutledge threw water at him, but Rutledge's allegations suggest the officer went far beyond what was necessary under the circumstances. He claims the officer sprayed mace in various areas of his cell to cause him further pain and suffering after he was already incapacitated from the mace. It can be plausibly inferred from Rutledge's allegations that Officer Estes took this

3

action because he was angry about what Rutledge had done to another officer and not for a legitimate penological reason. He has alleged enough to proceed against Officer Estes for excessive force under the Eighth Amendment.

He also purports to bring claims against Investigator Snow and Sergeant Thomas for "failure to intervene." State actors "who have a realistic opportunity to step forward and prevent a fellow [state actor] from violating a plaintiff's rights through the use of excessive force but fail to do so" may be held liable. *Miller v. Smith*, 220 F.3d 491, 495 (7th Cir. 2000). The court cannot plausibly infer from Rutledge's allegations that either of these defendants were present when Officer Estes sprayed him with mace and had a realistic opportunity to intervene to stop the officer from doing so. He will not be permitted to proceed on this claim.[1]

The Eighth Amendment also entitles inmates to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To state a claim for the denial of this right, a prisoner must allege (1) he had an objectively serious medical need and (2) the defendant acted with deliberate indifference to that medical need. *Id.* A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious even a lay person would recognize as needing medical attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). "[C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have

---

[1] He states that he is also suing Sergeant Thomas and Investigator Snow for "failure to protect," but the duty to protect under the Eighth Amendment relates to the obligation of prison staff to prevent inmates from being harmed by other inmates. *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994); *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). Such a claim is inapplicable here.

4

known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citations and quotation marks omitted).

Giving Rutledge the inferences to which he is entitled, he alleges a plausible denial of medical care claim against all three defendants. Specifically, he claims that he was suffering severe effects from the mace, including choking, burning, and vomiting (for which he ultimately received medical care), but the defendants allegedly ignored his requests for help. The complaint can be read to allege that they refused to get him medical attention because they were angry about his actions the day prior and wanted to prolong his suffering from the mace. He will be permitted to proceed further on this claim.

He also purports to sue all three defendants for "conditions of confinement," but the court finds that his allegations are more appropriately analyzed in the context of excessive force and denial of medical care claims. *See Graham v. Connor*, 490 U.S. 386, 395 (1989) (constitutional claims must be analyzed under the most "explicit textual source of constitutional protection"). Furthermore, Rutledge can have "but one recovery," *Jaros v. Illinois Dep't of Corr.*, 684 F.3d 667, 672 (7th Cir. 2012), and the case "gains nothing by attracting additional constitutional labels."[2] *Conyers v. Abitz*, 416 F.3d 580 (7th Cir. 2005).

---

[2] The court notes that at most he alleges that he was without clean water in his cell for a short period, but this is not the type of severe deprivation that would support a conditions of confinement claim under the Eighth Amendment. *See Hardeman v. Curran*, 933 F.3d 816, 823–24 (7th Cir. 2019); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996).

To the extent he is trying to sue Officer Estes for verbal harassment, the court concludes that while the officer's comments may have been unprofessional, as Rutledge describes them they do not rise to the level of an Eighth Amendment violation. *See Dobbey v. Ill. Dep't of Correction*, 574 F.3d 443, 445 (7th Cir. 2009); *see also Lisle v. Welborn*, 933 F.3d 705, 719 (7th Cir. 2019) ("Relationships between prisoners and prison staff are not always marked by genteel language and good manners.").

He also purports to sue Officer Estes (and perhaps the other defendants) for state law battery. A state law tort claim would implicate the Indiana Tort Claims Act ("ITCA"). IND. CODE § 34-13-3 *et seq.* The ITCA prohibits tort suits against government employees personally for conduct within the scope of their employment. *See* IND. CODE § 34-13-3-5(b); *see also Katz-Crank v. Haskett*, 843 F.3d 641, 648 (7th Cir. 2016) ("[T]he Indiana Tort Claims Act confers on public employees a broad immunity from suit for acts committed within the scope of their employment."); *Ball v. City of Indianapolis*, 760 F.3d 636, 645 (7th Cir. 2014) ("Under the Indiana Tort Claims Act, there is no remedy against the individual employee so long as he was acting within the scope of his employment."). It is evident that the defendants were acting within the scope of their employment as correctional employees during the events described in the complaint. Under state law, they are shielded from personal liability.[3] *Ball*, 760 F.3d at 645.

---

[3] The ITCA would not bar a claim against their employer, the Indiana Department of Correction, but a claim for damages against this state agency would be barred by the Eleventh Amendment in federal court. *Burrus v. State Lottery Comm'n of Ind.*, 546 F.3d 417, 420 (7th Cir. 2008).

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Officer Estes in his personal capacity for monetary damages for using excessive force against him in violation of the Eighth Amendment;

(2) GRANTS the plaintiff leave to proceed against Officer Estes, Sergeant Thomas, and Investigator Snow in their personal capacity for monetary damages for denying him medical care in violation of the Eighth Amendment;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Officer Estes (Staff A Cellhouse), Sergeant Thomas (Staff A Cellhouse), and Investigator J. Snow at the Indiana Department of Correction and to send them a copy of this order and the complaint pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS the Indiana Department of Correction to provide the U.S. Marshals with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent such information is available; and

(6) ORDERS Officer Estes, Sergeant Thomas, and Investigator Snow to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this order.

**SO ORDERED.**

Date:  January 8, 2025

s/James T. Moody  
JUDGE JAMES T. MOODY  
UNITED STATES DISTRICT COURT